UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
=========================================X
SAMUEL INDIG, MEIR KAHANA, and ROBERT
KLEIN

                     Plaintiffs,

                                            **ANSWER**

   -against-

THE VILLAGE OF POMONA, BRETT YAGEL,         Case No.: **18-cv-10204**
LOUIS ZUMMO, LEON HARRIS, and DORIS
ULMAN

                     Defendants.
=========================================X

      Defendants Village of Pomona, Brett Yagel, Louis Zummo, Leon Harris and Doris Ulman, by their attorney CHRISTOPHER RILEY, answering the complaint of plaintiffs allege:

      1. Denies the allegations in plaintiffs' complaint contained in paragraphs 1, 2, 4-10,12, 13, 15, 17, 18, 20-22, 29, 33, 34, 36-46, 48, 51-55, 58-77, 79, 81-97, 99-102, 104-106, 108-112, 114-116, and 118.

      2. Denies and refers to the documents purportedly quoted for the text and content thereof, as to paragraphs 3, 14, 16, 19, 35, 47, 49, 56, and 57.

      3. Denies the allegations of paragraph 30 of plaintiff's complaint and refers all questions of law to this honorable court.

      4. Denies the allegations in paragraphs 11 and 23 of plaintiffs' complaint but admits that Robert Klein is an elected member of the Village Board of Trustees.

      5. Denies the allegations of paragraph 25 of plaintiffs' complaint except admits that Brett Yagel is a resident of Pomona and is the mayor of Pomona.

      6. Denies the allegations of paragraph 28 of plaintiffs' complaint except admits that Doris Ulman is a resident of the Village of Pomona and the Village Attorney thereof.

7. Admits that Pomona iis a Village located within the County of Rockland, State of New York and is partially located in the Town of Haverstraw and partially located in the Town of Ramapo but denies the balance of the allegations contained in paragraph 32 of plaintiffs' complaint.

8. Denies knowledge or information sufficient to form a belief as to those allegations contained in paragraphs 78 and 119 of plaintiffs' complaint.

9. Denies the allegations of paragraph 80 of plaintiffs' complaint but admits that Robert Klein is a member of the Village Board of Trustees.

10. As to paragraphs 98, 103, 107, 113, and 117 of plaintiff's complaint, defendants repeat reiterate and reallege each and every denial heretofore set forth herein with the same force and effect as if more fully set forth herein

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

11. Plaintiff Robert Klein lacks standing in whole or part to bring the instant proceeding or to recover damages in that he is not the owner of the real property referred to in his complaint; is not the respondent or defendant in the proceedings referred to in his complaint; is not the applicant in applications for certificates and/or permits referred to in his complaint except as he may appear in a representative capacity and has no standing to seek redress for any government action against and/or damage to and/or denials relating to property owned by third parties and or proceedings brought against third parties.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

12. Plaintiff Samuel Indig lacks standing in whole or part to bring the instant proceeding or to recover damages in that he is not the owner of the real property referred to in his complaint; is not the respondent or the defendant in the proceedings referred to in his complaint;

is not the applicant in applications for certificates and/or permits referred to in his complaint except as he may appear in a representative capacity and has no standing to seek redress for any government action against and/or damage to and/or denials relating to property owned by third parties and or proceedings brought against third parties.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

13. That the plaintiff Meir Kahana pled guilty and/or was otherwise convicted relative to the ticket and proceeding referred to in plaintiffs' complaint and as such is barred in whole or party by the doctrine of collateral estoppel and/or res judicata and/or issue preclusion.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

14. That the plaintiffs have failed to mitigate damages.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

15. That the defendants are entitled to absolute and/or qualified immunity for the acts alleged.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

16. That the plaintiffs have failed to exhaust administrative remedies.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

17. That the plaintiffs have failed to join a necessary party without whom the relief demanded by plaintiffs cannot be granted.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

18. That there was probable cause for the bringing of the proceedings referred to in plaintiffs' complaint and/or the proceedings did not terminate in favor of the plaintiffs.

WHEREFORE, defendant demands judgment against plaintiff dismissing plaintiffs' complaint and awarding defendant legal fees, costs and disbursements; and granting such other

and further relief as this Court may deem just, proper and equitable.

Dated: White Plains, New York
       December 13, 2018

           **Yours, etc.**

           */s/ Christopher Riley*
           **CHRISTOPHER RILEY**
           Attorney for Defendants Village of Pomona, Brett
            Yagel, Louis Zummo, Leon Harris and Doris Ulman
           12 Water Street, Suite 402
           White Plains, NY 10601
           914/428-4010
           **Fax No (914) 948-4177**
           Rileyc1@optonline.net