UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
===========================================X
SAMUEL INDIG, MEIR KAHANA, and ROBERT
KLEIN

                Plaintiffs,

        -against-                               **DECLARATION IN SUPPORT OF MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL**
                                                          Case No.: 18-cv-10204

THE VILLAGE OF POMONA, BRETT YAGEL,
LOUIS ZUMMO, LEON HARRIS, and DORIS
ULMAN

                Defendants.
===========================================X

Pursuant to U.S.C. 1746, I, Christopher Riley, declare under penalty of perjury as follows:

1. I am the attorney for defendants herein.

2. Attached hereto as Exhibit D is a copy of plaintiff's Summons and Complaint in the instant matter.

3. The Complaint refers to proceedings brought against plaintiff Robert Klein's property and denial of permits. There is currently pending an Article 78 Proceeding in New York State Supreme Court, County of Rockland, Index Number 34966/2018 an action brought by Mr. Klein's parents (the actual owners of the subject property) wherein the Village of Pomona is the Respondent. That action was commenced by the filing of a Notice of Petition and Petition on August 13, 2018 and your declarant appeared for the Village of Pomona on September 10, 2018 by NYSEF filing. The proceeding was to seek judicial review of the denial of a building permit to the Kleins by the Village for the property which is the subject of the instant proceeding.

4. Also pending at the time Mr. Nash and Mr. Manes and Mr. Solomon spoke with the Village's Building Inspector was the matter of People v. Naftali and Frieda Klein in the Justice Court, Town of Haverstraw, wherein your declarant was the prosecutor seeking to enforce

violations of the Pomona Village Code relating to zoning relative to the subject property referred to by Robert Klein in his complaint. Louis Zummo was the complainant in his capacity as Building Inspector.

5. Also pending at the time was People v. Leah Indig in the Justice Court Town of Ramapo wherein Louis Zummo was the complainant and your declarant is the prosecutor. Said matter is an enforcement proceeding brought against plaintiff Indig's wife relative to the property described in the complaint as the plaintiff Indig's property.

5. There are 2 proceedings brought by Tal Properties against the Village. One is a State Court proceeding in the Supreme Court, Rockland County Index No. 31216/2017 wherein both Louis Zummo and the Village of Pomona are named defendants and represented by the Village Attorney, Doris Ulman. This is the proceeding referred to by Louis Zummo in his declaration wherein he indicates he was approached by Mr. Manes, the principal of Tal Properties during his deposition. The other is a federal court proceeding wherein the Village is represented by Wilson Elser and Nr. Nash and his firm represent plaintiff.

6. There is a proceeding entitled Lue Development LLC v. Village of Pomona, Index No. 34933/2017 still pending in the Supreme Court, Rockland County which commenced on October 10, 2017 and in which Doris Ulman, Esq., Village Attorney for the Village of Pomona appeared as counsel by Answer dated December 10, 2017 and in which Ms. Ulman remains the attorney for the Village of Pomona. Of note is that this case is expresly referred to in the Cooperation Agreements tendered to Mr. Zummo as a case covered by the Cooperation Agreement wherein it provides for Zummo to cooperate with "Manes/Tal Properties" in that case. See Exhibits B and C. Of further note is the fact that in that proceeding the Village filed crossclaims against Manes and Tal in its Answer.

7. A complaint was brought by Noreen Shea in the NYS Division of Human Rights against the Village. Plaintiffs refer extensively to the probable cause finding in their complaint (see Exhibit D at p.15-19;47-58) claiming that proceeding to be interrelated to the instant proceeding. The Village was represented in that proceeding by the law firm of Bleakley Platt & Schmidt and by Order dated August 8, 2018 the proceeding was terminated for administrative convenience without prejudice because "the complainant intends to pursue federal remedies in court...". See Exhibit E hereto. A federal court proceeding was in fact subsequently commenced which is still pending.

8. Of note is the fact that Louis Zummo is the Building Inspector for the Village of Pomona and as such is the only individual who can issue or withhold Building Permits. The essence of the allegations in the complaint in this proceeding is a claim the he did so in a discriminatory fashion and that the Village is vicariously liable as a result thereof.

9. No counsel for the Village ever consented to Manes, Tal, or Nash or Nash's firm permission to speak with Zummo outside of counsel's presence.

WHEREFORE, your deponent respectfully requesta an Order of this Court recusing plaintiff's counsel together with such other and further relief as this Court may deem just, proper and equitable.

I declare the foregoing is true and correct. Executed this 25th day of February, 2019

_____
CHRISTOPHER RILEY