

Glenn M. Jones, Esq.
The Glenn M. Jones Law Firm, PLLC
48 Wall Street, 11th Floor
New York, NY 10005
(866) 683-3774
gjones@glennmjoneslaw.com

<u>September 14, 2018</u>

Louis M. Zummo
7 Raccoon Lane
Highland Mills, NY 10930

Dear Mr. Zummo:

RE: Engagement for the representation of Louis Zummo in the matters of (1) Lue Development, LLC v. Village of Pomona, Index No. 034933/2017 (Sup. Ct. Rockland Co.); (2) Tal Properties of Pomona, LLC v. Village of Pomona, Case No. 17-cv-02028-CS (S.D.N.Y.); (3) any subsequent private litigation against the Village of Pomona ("the Village"), or any of its officers, agents or employees (including without limitation Brett Yagel and Doris Ulman) arising from or relating to claims of discrimination against The Client and/or other Orthodox Jewish residents of the Village (collectively, the "Claims"); and (4) in any subsequent government investigation relating to the subject matter of the Claims (i.e., discrimination by the Village of Pomona against Orthodox Jewish residents) ("Government Discrimination Investigation").

1.  Whenever I undertake a new representation, I am required to set forth the terms of our engagement in an engagement letter to the client for that new matter. This letter will confirm that Mr. Louis Zummo (the "Client") has retained Glenn M. Jones and his firm The Glenn M. Jones Law Firm, PLLC ("the firm") to represent the Client regarding the representation of Louis Zummo in the matters of (1) *Lue Development, LLC v. Village of Pomona*, Index No. 034933/2017 (Sup. Ct. Rockland Co.); (2) *Tal Properties of Pomona, LLC v. Village of Pomona*, Case No. 17-cv-02928-CS (S.D.N.Y.); (3) any subsequent private litigation against the Village of Pomona ("the Village"), or any of its officers, agents or employees (including without limitation Brett Yagel and Doris Ulman) arising from or relating to claims of discrimination against The Client and/or other Orthodox Jewish residents of the Village (collectively, the "Claims"); and (4) in any subsequent government investigation relating to the subject matter of the Claims (i.e., discrimination by the Village of Pomona against Orthodox Jewish residents) ("Government Discrimination Investigation").

The fee for my Professional services is determined primarily by the amount of time devoted to a matter, although we also consider any extraordinary factors, or unusual demands or results, that may be involved.  For this engagement, my hourly rate is $550 an hour.  The Client shall allow the firm to forward its monthly invoice to Avrohom Manes ("Manes") for payment pursuant to the Client's and The Client' Settlement and Cooperation agreement's indemnification clause.    The attorney-client relationship established under this agreement is between the firm and the Client.  My representation of the Client will commence once the letter is signed and return it to me.

The Client agrees to pay the firm for disbursements and other charges such as travel, printing, court reporter fees, transcripts, and reproduction of documents, facsimiles, and long-distance telephone calls.

In connection with my practice, I am often required to engage outside services providers on your behalf. The Client hereby authorize us to engage such outside vendors as are reasonable and necessary in connection with our work, and to instruct such vendors to bill The Client directly for their services.  The Client will be responsible for direct and timely payment of those expenses for which The Client is directly invoiced.  Examples of these costs include, but are not limited to, expert witness fees, forensic accountant fees, e-discovery fees and transcript fees. Unless it is impractical because of exigent circumstances, we will discuss such expenses with you and obtain your consent, in advance.

Each month, we will provide the Client with a detailed statement of my fee, services rendered and disbursements and other charges. If there is any item on one of our monthly statements that the client does not understand or which the client disagrees, please discuss it with me promptly so such questions can be resolved quickly.

If you do not assert a written objection within thirty (30) days of the date of a given statements, that statement will be deemed acceptable to The Client as rendered Our statements are payable in full within (30) days of receipt.

Please be advised that, in certain circumstances, you have the right to arbitration of fee disputes under the New York State fee Dispute Resolution Program, as set forth in Part 137 of the Rules of the Chief Administrator.  The Dispute Resolution does not apply in all circumstances.  For example, it does not include claims involving substantial legal questions or amounts of less than $1,000 or more than $50,000 This agreement and our attorney-client relationship with you will be governed by the laws of New York without regard to its choice of law rules, and any dispute between us will be resolved solely and exclusively in the state or federal courts in New York or in an arbitration under the New York State Fee Dispute Resolution Program if so provided by New York law.  You also agree to waive any challenges to the exercise of

jurisdiction over you by a New York Court as well as any challenges to the service of process.

If at any time, the Client should decide that that I cease activity on their behalf, you should notify the firm in writing and, upon payment by The Client of the final statement for my services, which will be rendered shortly after receipt by me of the client's intention to terminate our attorney-client relationship, copies of all pertinent papers in the company's file will be turned over to the client or any attorney of the client's selection.

We may withdraw as counsel, terminate this Agreement, and be relieved of the responsibility of preforming further work on your behalf, by notifying you in writing. Reasons for such termination may include, but are not limited to, failure to pay fees or expenses under the terms this Agreement in a timely manner, failure to cooperate with the firm in preparation and/or prosecution of the company's legal needs, reasons mandated by the Code of Professional Responsibility governing New York lawyers, a significant disagreement arises as to legal strategy, or discovery of or analysis of facts and/or law which lead the firm to conclude that the company's matter should not be pursued. The Client agrees to execute any such documents that will permit the firm to withdraw from representing the company and the company agrees to pay any remaining balance owed on the company's account.

The Client further agrees that any time after our representation of the Client has ended, or whether you have requested your file or any part of it we may request that you pick up your file or documents that have been produced by the Client or any other person or entity involved in your matter or case. If you do not pick up your files/documents within the period set forth in our request the Client specifically authorize the firm to dispose of your files and their contents.

Please counter-sign this letter and return it to me. I look forward to working toward a successful resolution of these matters.

Very Truly yours,

Glenn M. Jones
The Glenn M. Jones Law Firm, PLLC
48 Wall Street, 11th Floor
New York NY 10005
(866) 683-3774
gjones@glennmjoneslaw.com

_____

Mr. Louis M. Zummo