UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
=============================================X
SAMUEL INDIG, MEIR KAHANA, and ROBERT KLEIN,

           Plaintiffs,

      -against-

THE VILLAGE OF POMONA, BRETT YAGEL, LOUIS ZUMMO, LEON HARRIS, and DORIS ULMAN,

     Defendants.
=============================================X

**Docket No.:**
7:18-cv-1024

MEMORANDUM OF LAW OF DEFENDANTS
IN SUPPORT OF MOTION TO DISQUALIFY COUNSEL

             Christopher Riley, Esq.
             Attorney for Defendants
             12 Water Street, Suite 402
             White Plains, New York 10601
             (914) 428-4010
             Rileyc1@optonline.net

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES..................................................................ii

INTRODUCTION.................................................................................1

PRELIMINARY STATEMENT............................................................1

FACTS AND PROCEDURAL HISTORY............................................1

ARGUMENT.........................................................................................3
    POINT I
        THE VILLAGE OF POMONA WAS REPRESENTED BY
COUNSEL..............................................................................................3

    POINT II
        SOLOMON AND NASH ARE WITNESSES................................5

CONCLUSION......................................................................................6

# TABLE OF AUTHORITIES

## CASES

Arifi v. de Transp. Du Cocher, Inc., 290 F.Supp2d 344 (E.D.N.Y.2003)..............................5

Hempstead Video Inc. v. Incorporated Village of Valley Stream, 409 F.3d 127 (2nd Cir., 2005) ........................................................................................................................5

Neisig v. Team, 76 N.Y.2d 363 (2nd Cir., 1983)................................................................3

United States v. Jamail, 707 F.2d (2011).........................................................................4

## STATUTES

Local Rule 1.5 (b) (5).........................................................................................................3
NYRPC 3.7.........................................................................................................................6
NYRPC 3.7 (b)...................................................................................................................6
NYRPC 4.2......................................................................................................................3,4
NYRPC 4.2 (a)....................................................................................................................3
NYRPC 4.2 (b)
NYRPC 4.4.........................................................................................................................3

## OTHER

NYSBA Comm. Prof. Eth. Op. 904 (2012).........................................................................4

## INTRODUCTION

Defendants Village of Pomona (hereinafter "Pomona"), Brett Yagel, Louis Zummo (hereinafter "Zummo") Leon Harris and Doris Ulman (hereinafter "Ulman") respectfully submit this memorandum of law in support of their motion to disqualify attorneys for plaintiff as counsel based upon their contact with adverse parties outside of the presence of counsel and the attorney/witness rule as well as other impropriety.

## PRELIMINARY STATEMENT

The instant action is a civil rights action brought by plaintiff alleging discrimination by defendants against Orthodox Jews in Pomona more specifically through the utilization of building code enforcement.

## FACTS AND PROCEDURAL HISTORY

Plaintiffs' complaint alleges that Zummo is the Building Inspector of Pomona (see Exhibit D at para. 26) and that Zummo was directed to target the3 Jewish community (see Exhibit D at para. 61. Plaintiffs' complaint specifically alleges that a developer Avrohom Manes (hereinafter "Manes") was targeted as part of this pattern to prevent him from creating new housing. See Exhibit D at para. 39. The complaint further alleges that plaintiff Robert Klein was denied a building permit and certifiacte of occupancy as part of this pattern. See Exhibit D at para. 39. The complaint further alleges that part of this pattern was the denial by Zummo of the plaintiff Samuel Indig's building permit. See Exhibit D at para. 68-76.

1

On August 1, 2018 Zummo was deposed in an action "Tal Properties against the Village of Pomona" which was pending in Rockland County Supreme Court and in which Pomona was represented by Ulman, the Village Attorney. Manes is the prinicpal of Tal Properties (hereinafter "Tal") and was also present at the deposition. ( See Declaration of Louis Zummo (hereinfter "Zummo Declaration") at para. 2. At the deposition during a break outside of Ulman's presence Manes asked Zummo to meet with him. Zummo Declaration at para. 2. During the second week of August 2018 Zummo met Manes at Manes' home. See Zummo declaration at para. 4. Manes eventually paid for and chose an attorney for Zummo. Zummo Declaration at para. 7-9. Manes also sent him a cooperation agreement that required Zummo to turn over Village documents and his work phone. Zummo Declaration at para. 9-10. Manes was also paying all legal fees on behalf of Robert Klein, one of the plaintiffs herein. Zummo Declaration at para. 5.

On August 13, 2018 Robert Klein's parents brought an Article 78 proceeding against the Village relative to the denial of a building permit for the property referred to in plaintiff's complaint. On September 10, 2018 the Village appeared in that proceeding by its counsel Christopher Riley, Esq. (see Declaration of Christopher Riley (hereinafter "Riley Declaration" )at para. 3). There was already pending a zoning violation proceeding against Klein's parents which is referred to in Klein's complaint wherein Christopher Riley, Esq. was prosecutor under the Village Code and Louis Zummo was the complainant. See Riley Declaration at para. 3. There was also pending a proceeding in which the Village had cross-claimed against Manes and Tal and the Village was represented by Ulman. See Riley Declaration at para 6. There was also pending a zoning proceeding against the wife of plaintiff herein Samuel Indig in which Christopher Riley was the prosecuting attorney and Louis Zummo the complaint. See Riley

Declaration at para. 5. Additionally, there had been a probable cause determination in Noreen Shea v. Village of Pomona with the action having been discontinued for administrative convenience so a federal court proceeding could be commenced. See Riley Declaration at para. 7.

## Argument

### POINT I

### THE VILLAGE OF POMONA WAS REPRESENTED BY COUNSEL

In this district the NYS Rules of Professional Conduct (NYRPC) and state case law thereunder are incorporated by reference into federal practice through Local Rule 1.5 (b) (5). Under NYRPC 4.2 "a lawyer shall not communicate or cause another to communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter...". NYRPC 4.2(a). A lawyer cannot have another communicate with the person so as to avoid the presecription. NYRPC 4.2 (a). Likewise, a lawyer cannot have his client communicating with a represented party without giving advance notice to the lawyer representing that person. NYRPC 4.2 (b). The prescription applies even if the party initiates contact. NYRPC 4.4.

Corporations are parties within the meaning of the prescription. Where a corporate employee is of such a level that his acts are imputed to the corporation for the purposes of imposing liability that employee cannot be contacted by opposing counsel outside of the presence of the corporation's attorney. See Neisig v. Team, 76 N.Y.2d 363 (1990). The defendant Village is a municipal corporation. See Exhibit D at paragraph 24.

3

The prohibition relates to a party represented "in the matter". NYRPL 4.2. This is broader than whether a party is represented in a specific action; it includes the situation where the party is represented by counsel in a related proceeding. NYSBA Comm. Prof. Eth. Op. 904 ( 2012). Further, actual commencement of the litigation is not the criteria for determining whether communication with an adverse party is in derogation of the rule. United States v. Jamail, 707 F.2d 638 at 646 (2nd Cir., 1983).

In the case at bar, there is no way plaintiffs' counsel could claim the proceeding brought by Noreen Shea is not a related proceeding when plaintiffs' very complaint refers to this proceding at para. 15-19 and 47-58. See Exhibit D. Likewise, the zoning proceedings against plaintiff Indig's wife and plaintiff Klein's parents are part of the very allegations forming the basis for plaintiffs' claims . The litigation involving Manes and Tal is not only referred to specifically in the cooperation agreements forwarded to Zummo (see Exhibits A and C) but also in plaintiffs' very complaint. See Exhibit D at para. 39. Having alleged thesew proceedings as part of the alleged pattern underlying plainittfs' case, plaintiff cannot now be heard to complain these proceeding are not related proceedings and part of the "matter" in which Zummo and the Village were represented.

The improper communication began well before Nash and Solomon conducted their 3 hour interrogation of Zummo. That interrogation was a part of the course of conduct where their client Manes/Tal sought to intimidate Zummo. Someone prepared the cooperation agreement for ummo; someone advised him what lawyer Zummo should retain; someone spoke with that lawyer before Zummo even met him to advise him Zummo's legal fees would be paid by a third party.

Furthermore, the unethical conduct engaged in herein must be viewed through the prism that both Manes and Nash offered a government employee (Zummo) a thing of value (a release, an indemnification and payment of legal fees) to affect the performance of his duties (i.e., the compel the turnover of Village property including documents and Zummo's government issue phone). This Court has the inherent authority to disqulify counsel so as to preserve the integrity of the adversary process. Hempstead Video Inc. v. Incorporated Village of Valley Stream, 409 F.3d 127 (2nd Cir., 2005). Any doubts must be resolved in favor of disqualification. Arifi v. de Transp. Du Cocher, Inc. 290 F.Supp.2d 344 (E.D.N.Y. 2003).

POINT II

SOLOMON AND NASH ARE WITNESSES

Solomaon and Nash conducted a three hour interrogation of Zummo. See Zummo Declaration at para. 11. Additionally, Nash met with Noreen Shea and received documents from her. See Zummo Declaration at para. 11. It is unknown at the currnet time whether these conversations were while she was still employed by the Village.

The essential question in the case at bar is what the subjective intent of Zummo was at the time he denied building permits/certificates of occupancy and/or issued summonses for building code violations. See Exhibit D. The allegation is discriminatory enforcement. See Exhibit D at para. 2. Thus, in large part the case turns on Zummo's state of mind. Absent the production of a transcript and/or recording of the totality of the interrogation, there is a factual issue as tro

what Zummo said and/or did not say as well as what evidence Nash and Solomon derived from this meeting. Likewise, ther is an issue of what Noreen Shea did or did not say and what documents she turned over to him. Of note is that Solomon and Nas are not the attorneys for Noreen Shea; she is represented by attorney Sussman. See Exhibit E to moving papers.

A lawyer cannot be counsel in a matter in which he will be a witness. See, NYRPC 3.7 (a). Likewise his firm is disqulified. NYRPC 3.7 (b).

## CONCLUSION

Plaintiffs' counsel have inextricably interposed themselves into the instant litigation interrogating the key party for a three hour period when the entire case turns on that party's intent. Absent the production by them of a recording or transcript of that interrogation and their meetings with Noreen Shea, they are witnesses in this matter. Further, Zummo was an employee of the Village and Manes, Nash and Solomon had no right to contact him without prior notice to the Village. Whatever they gleaned from this contact was improperly obtained and cannot be undone. Counsel for plaintiff must be recused.

Dated:     White Plains, New York
             February 25, 2019

Respectfully Submitted,

*[signature]*

**CHRISTOPHER RILEY**
Attorney for defendant-appellant
12 Water Street, Suite 402
White Plains, New York 10601
(914) 428-4010
Rileyc1@optonline.net