UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAMUEL INDIG, MEIR KAHANA, and ROBERT KLEIN,

          *Plaintiffs,*

-*against*-

THE VILLAGE OF POMONA, BRETT YAGEL, LOUIS ZUMMO, LEON HARRIS, and DORIS ULMAN,

          *Defendants.*

---

18-CV-10204 (VB)

---

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION TO AMEND THEIR COMPLAIN**

---

# SCHLAM STONE & DOLAN LLP

Bradley J. Nash
26 Broadway, 19th Floor
New York, NY 10004
Phone: 212-344-5400
Fax: 212-344-7677
E-mail: bnash@schlamstone.com

*Attorneys for Plaintiffs Samuel Indig, Meir Kahana, and Robert Klein*

Plaintiffs Samuel Indig, Meir Kahana, and Robert Klein respectfully submit this memorandum of law together with the Declaration of Bradley J. Nash ("Nash Decl."), and the exhibits annexed thereto in support of their motion for leave to amend the complaint, pursuant to Fed. R. Civ. P. 15(a)(2).

## THE PROPOSED AMENDED COMPLAINT

A copy of the Proposed Amended Complaint is attached to the Nash Decl. as Exhibit A, and a redline showing the changes from the initial Complaint is attached as Exhibit B.

The proposed amendments would add two additional plaintiffs (but no new claims or legal or factual theories). Those new plaintiffs are: (1) Leah Indig (the wife of Plaintiff Samuel Indig), and (2) Naftali Klein (the father of Plaintiff Robert Klein). In their Answers (Dkt. Nos. 18–21), Defendants asserted in their First and Second Affirmative Defenses that Plaintiffs Indig and Klein "lack standing in whole or in part" because they do not own real property in the Village of Pomona (although they are indisputably residents, and Plaintiff Klein is a member of the Village Board of Trustees). Plaintiffs dispute that there is any issue of standing. However, the addition of Mr. Indig's wife, Leah Indig (who holds title to the Indigs' home), and Robert Klein's father, Naftali Klein (who is the owner of Robert Klein's Pomona residence), will moot the issue.

## ARGUMENT

Federal Rule of Civil Procedure 15(a) provides leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The "decision to grant or deny leave to amend under Rule 15(a)(2) is within the trial court's discretion." *Fresh Del Monte Produce, Inc. v. Del Monte Foods*, 304 F.R.D. 170, 174 (S.D.N.Y. 2014). However, as this Court has observed, "absent 'undue delay, bad faith[,] dilatory motive on the part of the movant [,] . . .

undue prejudice to the opposing party' or 'futility of amendment,' leave should be 'freely given.'" *MacSweeney v. ING Life Ins. & Annuity Co.*, 2011 WL 4839086, at *2 (S.D.N.Y. Oct. 12, 2011) (Briccetti, J.) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, there can be no argument of "undue delay" or a "dilatory" motive in respect of the Proposed Amended Complaint. Plaintiffs have timely sought leave to add additional plaintiffs within the time period agreed to by the parties and permitted by the Court. Dkt. 33 (extending "Plaintiffs' time to move for leave to amend the complaint or add additional parties" to March 25, 2019). Nor is there any prejudice to the Defendants. Not only is the motion timely, but discovery is still at an early stage. Moreover, in their Answers Defendants themselves raised the issue that the Pomona residences of Messrs. Indig and Klein were owned by other parties. Thus, the proposed amendment adding those parties as Plaintiffs is no surprise to Defendants.

Finally, there is no argument that the proposed amendments are futile. "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Panther Partners Inc. v. Ikanos Communications, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). Defendants have acknowledged that the Complaint states a claim, as they did not file a motion to dismiss. The proposed amendments do not add new factual or legal theories or claims. Thus, there is no argument that the proposed amendments are futile.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to file their Proposed Amended Complaint should be granted.

Dated: March 25, 2019
New York, New York

**Respectfully submitted,**

**SCHLAM STONE & DOLAN LLP**

_____/s/_____

Bradley J. Nash
Samuel L. Butt
26 Broadway
New York, New York 10004
Telephone No.: (212) 344-5400
Fax No.: (212) 344-7677
bnash@schlamstone.com
sbutt@schlamstone.com

*Attorneys for Plaintiffs Samuel Indig, Meir Kahana, and Robert Klein*