# Exhibit 3

| | |
|---|---|
| **From:** | Glenn Jones |
| **To:** | Bradley J. Nash |
| **Subject:** | engagement letter and cooperation agreement |
| **Date:** | Friday, September 14, 2018 11:27:37 AM |
| **Attachments:** | Zummo Settlment-Cooperation Agreement (00228020x9D05D).docx |
| | Zummo engagement letter.docx |

Dear Brad,

Attached is a draft of the engagement letter and coop agreement. If you'd like to discuss I should be available.

Best,
Glenn

The Glenn M. Jones Law firm, PLLC
48 Wall Street, 11th Floor
New York, NY 10005
(866) 683-3774
gjones@glennmjoneslaw.com

DRAFT – FOR SETTLEMENT PURPOSES ONLY

**SETTLEMENT AND COOPERATION AGREEMENT**

This Settlement and Cooperation Agreement (the "**Agreement**") is entered into by Louis Zummo ("Zummo") on one hand, and Avrohom Manes ("Manes") and Tal Properties of Pomona, LLC ("Tal Properties"), on the other, and is effective as of _____, 2018 (the "**Effective Date**").

In exchange for mutual consideration, the adequacy of which is agreed upon, the parties mutually agree and contract as follows:

1. **Cooperation in Litigation.** Zummo agrees to cooperate with Manes/Tal Properties in the prosecution of his claims in (1) *Lue Development, LLC v. Village of Pomona*, Index No. 034933/2017 (Sup. Ct. Rockland Co.); (2) *Tal Properties of Pomona, LLC v. Village of Pomona*, Case No. 17-cv-02928-CS (S.D.N.Y.); and in (3) any subsequent litigation against the Village of Pomona ("the Village"), or any of its officers, agents or employees (including without limitation Brett Yagel and Doris Ulman) arising from or relating to claims of discrimination against Manes and/or other Orthodox Jewish residents of the Village (collectively, the "Claims").

In particular, without limiting the generality of the foregoing:

   (a) Zummo shall be made available in New York, NY or such other place as may be agreed upon, at mutually convenient times on reasonable notice, for debriefing sessions (the "**Debriefing Sessions**") with Manes/Tal Properties and/or their attorneys, during which Zummo shall provide full disclosure of information known to him (including all documents in his possession, custody and control) concerning any aspect of the Claims;

   (b) Upon request, Zummo shall provide Manes copies of any personal text messages, emails, other documents of any kind, voices messages or recordings relating to the Village of Pomona or any of its residents;

   > **Commented [GJ1]:**
   >
   > **Commented [GJ2R1]:** I added personal here because I think it covers the documents that we agreed to yesterday. If not let we can revise.

   (c) Zummo shall voluntarily accept any subpoena or process and then will testify orally under oath in any examination, deposition, hearing, trial or any other proceeding at the request of Manes/Tal Properties;

   (d) Zummo shall swear or affirm affidavits or declarations containing truthful and accurate testimony, statements and information at the request of Manes/Tal Properties;

   (e) Zummo shall respond within seven (7) days, if possible, or as soon thereafter as is reasonable in the circumstances, to requests from Manes/Tal Properties for information and assistance.

1

**DRAFT – FOR SETTLEMENT PURPOSES ONLY**

Zummo agrees that a failure to testify fully and truthfully as described above and/or any material falsity or wilful omission of relevant information during the Debriefing Sessions shall be deemed a material breach of this Agreement.

2.  **Release**.  Manes/Tal Properties, their present and former parents, subsidiaries, affiliates and related companies and each of their respective present and former directors, officers, shareholders, employees, servants, agents, administrators, trustees, successors and assigns and any party or parties who claim a right or interest through them (collectively, "Releasors"), **HEREBY FULLY RELEASE, ACQUIT, AND FOREVER DISCHARGE, WITHOUT QUALIFICATION OR LIMITATION,** Zummo, and any personal heirs, successors and assigns from all manner of actions, causes of action, suits, debts, dues, accounts, bonds, covenants, contract, complaints, claims and demands for damages, monies, losses, indemnity, costs, interest in loss, or injuries howsoever arising, known or unknown which hereto may have been or may hereafter be sustained by the Releasors from the beginning of time through the date of this Release, except for any material breach of this Agreement.  For the avoidance of doubt, this Release shall only apply to claims against Zummo in his individual capacity, and shall not in any way limit or release any claims against the Village of Pomona, or any of its elected officials, employees or agents (including without limitation Brett Yagel and Doris Ulman) (collectively, the "Village"), including without limitation any claims against the Village for vicarious liability based on Zummo's actions.

3.  **Indemnification.**  Manes/Tal Properties agree to hold Zummo harmless and to indemnify him from any costs (including attorneys' fees) in connection with his provision of cooperation to Manes/Tal Properties, pursuant to this Agreement, including but not limited to providing separate counsel for him at their sole expense to enable him to testify and otherwise cooperate with Manes/Tal Properties (including any fees and expenses incurred in the negotiation of this Agreement), on the condition that Zummo complies with this Agreement and that Manes/Zummo shall select the counsel to represent Zummo (subject to his agreement, not to be unreasonably withheld) for all of these activities.  Paragraph 1 and 3 of this Agreement shall be construed by the parties as a Joint Defense Agreement with respect to the Claims and anything for which Zummo is being indemnified for under this Agreement.

4.  **Jurisdiction and Applicable Law**.  All matters relating or arising from this Agreement shall be governed by the laws of New York without regard to its choice of law principles.  The parties further agree that all disputes, claims, actions or proceedings arising out of or related to this Agreement shall be litigated in the Supreme Court of the State of New York, County of New York (Commercial Division), or United States District Court for the Southern District of New York.  The parties expressly consent and submit to jurisdiction and venue in the in the Supreme Court of the State of New York, County of New York (Commercial Division), and United States District Court for the Southern District of New York.

5.  **Independent Legal Advice**.  The parties acknowledge, represent and agree that each person signing has read this Agreement, fully understands the terms hereof, and has had the opportunity to be fully advised by legal counsel with respect to the same.

2

**DRAFT – FOR SETTLEMENT PURPOSES ONLY**

6.      **Successors And Assignees.**  This Agreement is binding on the parties' successors, heirs and assignees.

7.      **Merger and Integration**.  This is a fully integrated Agreement which is the final and complete understanding between the Parties regarding its subject matter and may not be altered or modified without a writing signed by all the parties.

        **IN WITNESS WHEREOF**, the parties have executed this Settlement Agreement on August __, 2018.

_____
**LOUIS ZUMMO**

_____
**AVROHOM MANES**

**TAL PROPERTIES OF POMONA, LLC**

**By:** _____

3

Glenn M. Jones, Esq.
The Glenn M. Jones Law Firm, PLLC
48 Wall Street, 11th Floor
New York, NY 10005
(866) 683-3774
gjones@glennmjoneslaw.com

September 14, 2018


Louis M. Zummo
7 Raccoon Lane
Highland Mills, NY 10930


Dear Mr. Zummo:

RE:  Engagement for the representation of Louis Zummo in the matters of (1) Lue Development, LLC v. Village of Pomona, Index No. 034933/2017 (Sup. Ct. Rockland Co.); (2) Tal Properties of Pomona, LLC v. Village of Pomona, Case No. 17-cv-02028-CS (S.D.N.Y.); and related government investigations

Whenever I undertake a new representation, I am required to set forth the terms of our engagement in an engagement letter to the client for that new matter.  This letter will confirm that Mr. Louis Zummo (the "Client") has retained Glenn M. Jones and his firm The Glenn M. Jones Law Firm, PLLC ("the firm") to represent the Client regarding the representation of Louis Zummo in the matters of (1) Lue Development, LLC v. Village of Pomona, Index No. 034933/2017 (Sup. Ct. Rockland Co.); (2) Tal Properties of Pomona, LLC v. Village of Pomona, Case No. 17-cv-02028-CS (S.D.N.Y.) (the "Matters"); and related government investigations.  (the "investigations").  The investigations shall include any local, state or federal regulatory, civil or criminal investigation, involving the client, derived from the matter or his participation in the settlement and cooperation agreement between the client and Manes.

The fee for my Professional services is determined primarily by the amount of time devoted to a matter, although we also consider any extraordinary factors, or unusual demands or results, that may be involved.   For this engagement, my hourly rate is $550 an hour.  The Client and Avrohom Manes ("Manes") agree that Manes will Pay any legal fees and/or fees generated by this agreement and under the terms of this agreement.  The Client and Manes agree that legal fees generated under this agreement for the matter shall not exceed $20,000.00.  Also, the Client and Manes agree that additional fees generated by the investigations shall be paid at the agreed hourly rate and that amount shall not exceed an additional $20,000.00.  The attorney-client relationship established under this agreement is between the firm and the

Client.  My representation of the Client will commence once the letter is signed and return it to me.

Also, Manes agrees to pay the firm for disbursements and other charges such as travel, printing, court reporter fees, transcripts, and reproduction of documents, facsimiles, and long-distance telephone calls.

In connection with my practice, I am often required to engage outside services providers on your behalf. Maness hereby authorize us to engage such outside vendors as are reasonable and necessary in connection with our work, and to instruct such vendors to bill Manes directly for their services.  Manes will be responsible for direct and timely payment of those expenses for which Manes is directly invoiced.  Examples of these costs include, but are not limited to, expert witness fees, forensic accountant fees, e-discovery fees and transcript fees.  Unless it is impractical because of exigent circumstances, we will discuss such expenses with you and obtain your consent, in advance.

Each month, we will provide Manes and the Client with a detailed statement of my fee, services rendered and disbursements and other charges. If there is any item on one of our monthly statements that Manes and/or the client does not understand or which Manes and/or the client disagrees, please discuss it with me promptly so such questions can be resolved quickly.

If you do not assert a written objection within thirty (30) days of the date of a given statements, that statement will be deemed acceptable to Manes as rendered Our statements are payable in full within (30) days of receipt.

Please be advised that, in certain circumstances, you have the right to arbitration of fee disputes under the New York State fee Dispute Resolution Program, as set forth in Part 137 of the Rules of the Chief Administrator.  The Dispute Resolution does not apply in all circumstances.  For example, it does not include claims involving substantial legal questions or amounts of less than $1,000 or more than $50,000
This agreement and our attorney-client relationship with you will be governed by the laws of New York without regard to its choice of law rules, and any dispute between us will be resolved solely and exclusively in the state or federal courts in New York or in an arbitration under the New York State Fee Dispute Resolution Program if so provided by New York law.  You also agree to waive any challenges to the exercise of jurisdiction over you by a New York Court as well as any challenges to the service of process.

If at any time, the Client should decide that that I cease activity on their behalf, you should notify the firm in writing and, upon payment by Manes of the final statement for my services, which will be rendered shortly after receipt by me of the client's intention to terminate our attorney-client relationship, copies of all pertinent papers in the company's file will be turned over to the client or any attorney of the client's selection.

We may withdraw as counsel, terminate this Agreement, and be relieved of the responsibility of preforming further work on your behalf, by notifying you in writing. Reasons for such termination may include, but are not limited to, failure to pay fees or expenses under the terms this Agreement in a timely manner, failure to cooperate with the firm in preparation and/or prosecution of the company's legal needs, reasons mandated by the Code of Professional Responsibility governing New York lawyers, a significant disagreement arises as to legal strategy, or discovery of or analysis of facts and/or law which lead the firm to conclude that the company's matter should not be pursued. The Client agrees to execute any such documents that will permit the firm to withdraw from representing the company and the company agrees to pay any remaining balance owed on the company's account.

The Client further agrees that any time after our representation of the Client has ended, or whether you have requested your file or any part of it we may request that you pick up your file or documents that have been produced by the Client or any other person or entity involved in your matter or case. If you do not pick up your files/documents within the period set forth in our request the Client specifically authorize the firm to dispose of your files and their contents.

Please counter-sign this letter and return it to me.  I look forward to working toward a successful resolution of these matters.

Very Truly yours,


Glenn M. Jones
The Glenn M. Jones Law Firm, PLLC
48 Wall Street, 11th Floor
New York NY 10005
(866) 683-3774
gjones@glennmjoneslaw.com




_____
Mr. Louis M. Zummo



_____
Avraham Manes