Exhibit 4

| | |
|---|---|
| From: | Bradley J. Nash |
| To: | Glenn Jones |
| Cc: | Solomon N. Klein |
| Subject: | RE: engagement letter and cooperation agreement |
| Attachments: | image001.png |
| | Zummo Settlement-Cooperation Agreement (00228020-2x9D05D).docx |

CONFIDENTIAL – FOR SETTLEMENT PURPOSES ONLY

Glenn,

As discussed, attached is a revision to the draft cooperation/settlement agreement. This is still subject to final review of our client, but please let us know if you have any comments/questions, so we can nail this down this weekend.

Brad

Bradley J. Nash

Schlam Stone & Dolan LLP

26 Broadway

New York, NY 10004

Main: 212 344-5400

Direct: 212 612-0684

bnash@schlamstone.com

CommercialDivisionBlog.com

This e-mail, including all attachments, is for the use of the intended recipients only. It may contain legally privileged or confidential information. If you are not the intended recipient, please permanently delete this message and all copies or printouts, and please notify me immediately.

**From:** Glenn Jones [mailto:gjones@glennmjoneslaw.com]
**Sent:** Friday, September 14, 2018 11:28 AM
**To:** Bradley J. Nash <bnash@schlamstone.com>
**Subject:** engagement letter and cooperation agreement

Dear Brad,

Attached is a draft of the engagement letter and coop agreement. If you'd like to discuss I should be available.

Best,

Glenn

The Glenn M. Jones Law firm, PLLC

48 Wall Street, 11th Floor

New York, NY 10005

(866) 683-3774

gjones@glennmjoneslaw.com

DRAFT – FOR SETTLEMENT PURPOSES ONLY

**SETTLEMENT AND COOPERATION AGREEMENT**

This Settlement and Cooperation Agreement (the "**Agreement**") is entered into by Louis Zummo ("Zummo") on one hand, and Avrohom Manes ("Manes") and Tal Properties of Pomona, LLC ("Tal Properties"), on the other, and is effective as of _____, 2018 (the "**Effective Date**").

In exchange for mutual consideration, the adequacy of which is agreed upon, the parties mutually agree and contract as follows:

1. **Cooperation in Litigation.** Zummo agrees to cooperate with Manes/Tal Properties in the prosecution of his claims in (1) *Lue Development, LLC v. Village of Pomona*, Index No. 034933/2017 (Sup. Ct. Rockland Co.); (2) *Tal Properties of Pomona, LLC v. Village of Pomona*, Case No. 17-cv-02928-CS (S.D.N.Y.); ~~and in~~ (3) any subsequent private litigation against the Village of Pomona ("the Village"), or any of its officers, agents or employees (including without limitation Brett Yagel and Doris Ulman) arising from or relating to claims of discrimination against Manes and/or other Orthodox Jewish residents of the Village (collectively, the "Claims"); and (4) in any subsequent government investigation relating to the subject matter of the Claims (i.e., discrimination by the Village of Pomona against Orthodox Jewish residents) ("Government Discrimination Investigation").

In particular, without limiting the generality of the foregoing:

(a) Zummo shall be made available in New York, NY or such other place as may be agreed upon, at mutually convenient times on reasonable notice, for debriefing sessions (the "**Debriefing Sessions**") with Manes/Tal Properties and/or their attorneys, during which Zummo shall provide full disclosure of information known to him (including all documents in his possession, custody and control) concerning any aspect of the Claims;

(b) Upon request, Zummo shall provide Manes copies of any text messages, emails, other documents of any kind, voices messages or recordings relating to the Village of Pomona or any of its residents, provided that Zummo shall not be required to provide without a subpoena copies of any documents that are stored on a device that is the property of, or that otherwise belong to, the Village of Pomona (for the avoidance of doubt text and voice messages or other records on Zummo's personal phone shall be provided to Manes without a subpoena);

(c) Zummo shall voluntarily accept any subpoena or process and then will testify orally under oath in any examination, deposition, hearing, trial or any other proceeding at the request of Manes/Tal Properties;

(d) Zummo shall swear or affirm affidavits or declarations containing truthful and accurate testimony, statements and information at the request of Manes/Tal Properties;

1

DRAFT – FOR SETTLEMENT PURPOSES ONLY

(e)     Zummo shall respond within seven (7) days, if possible, or as soon thereafter as is reasonable in the circumstances, to requests from Manes/Tal Properties for information and assistance.

Zummo agrees that a failure to testify fully and truthfully as described above and/or any material falsity or wilful omission of relevant information during the Debriefing Sessions shall be deemed a material breach of this Agreement.

2.     **Release.**  Manes/Tal Properties, their present and former parents, subsidiaries, affiliates and related companies and each of their respective present and former directors, officers, shareholders, employees, servants, agents, administrators, trustees, successors and assigns and any party or parties who claim a right or interest through them (collectively, "Releasors"), **HEREBY FULLY RELEASE, ACQUIT, AND FOREVER DISCHARGE, WITHOUT QUALIFICATION OR LIMITATION,** Zummo, and any personal heirs, successors and assigns from all manner of actions, causes of action, suits, debts, dues, accounts, bonds, covenants, contract, complaints, claims and demands for damages, monies, losses, indemnity, costs, interest in loss, or injuries howsoever arising, known or unknown which hereto may have been or may hereafter be sustained by the Releasors from the beginning of time through the date of this Release, except for any material breach of this Agreement.  For the avoidance of doubt, this Release shall only apply to claims against Zummo in his individual capacity, and shall not in any way limit or release any claims against the Village of Pomona, or any of its elected officials, employees or agents (including without limitation Brett Yagel and Doris Ulman) (collectively, the "Village"), including without limitation any claims against the Village for vicarious liability based on Zummo's actions.

3.     **Indemnification.**

    (a)     Subject to the Fee Caps specified in Section 3(a) below, Manes/Tal Properties agree to hold Zummo harmless and to indemnify him from any costs (including attorneys' fees) in connection with his provision of cooperation to Manes/Tal Properties, pursuant to this Agreement, or in connection with any subsequent Government Discrimination Investigation, including but not limited to providing separate counsel for him at their sole expense to enable him to testify and otherwise cooperate with Manes/Tal Properties (including any fees and expenses incurred in the negotiation of this Agreement), on the condition that Zummo complies with this Agreement and that Manes/Zummo shall select the counsel to represent Zummo (subject to his agreement, not to be unreasonably withheld) for all of these activities.  Paragraph 1 and 3 of this Agreement shall be construed by the parties as a Joint Defense Agreement with respect to the Claims and anything for which Zummo is being indemnified for under this Agreement.

    (b)     The Indemnification obligation of Manes/Tal Properties shall be limited to a maximum of $20,000 with respect to the Claims, and a maximum of $10,000 with respect to a Government Discrimination Investigation (the "Fee Caps").

2

DRAFT – FOR SETTLEMENT PURPOSES ONLY

3.(c)    Subject to the terms of this Agreement, including without limitation the Fee Caps
in Section 3(b), Zummo's counsel, Glenn Jones, Esq., shall have the right to submit
his invoices for reasonable fees and costs incurred in connection with the Claims
or a Government Discrimination Investigation directly to Manes for payment.
Payments toward any such invoices shall count toward the Fee Caps.

| Formatted |
|---|

4.       **Jurisdiction and Applicable Law.**  All matters relating or arising from this Agreement shall
be governed by the laws of New York without regard to its choice of law principles.  The parties
further agree that all disputes, claims, actions or proceedings arising out of or related to this
Agreement shall be litigated in the Supreme Court of the State of New York, County of New York
(Commercial Division), or United States District Court for the Southern District of New York.  The
parties expressly consent and submit to jurisdiction and venue in the in the Supreme Court of the
State of New York, County of New York (Commercial Division), and United States District Court
for the Southern District of New York.

5.       **Independent Legal Advice.**   The parties acknowledge, represent and agree that each
person signing has read this Agreement, fully understands the terms hereof, and has had the
opportunity to be fully advised by legal counsel with respect to the same.

6.       **Successors And Assignees.**  This Agreement is binding on the parties' successors, heirs
and assignees.

7.       **Merger and Integration**.   This is a fully integrated Agreement which is the final and
complete understanding between the Parties regarding its subject matter and may not be altered
or modified without a writing signed by all the parties.

       **IN WITNESS WHEREOF**, the parties have executed this Settlement Agreement on August
___, 2018.

_____
**LOUIS ZUMMO**

_____
**AVROHOM MANES**

3

**DRAFT – FOR SETTLEMENT PURPOSES ONLY**

**TAL PROPERTIES OF POMONA, LLC**

**By:** _____

4