# Exhibit G

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
----------------------------------------x
TAL PROPERTIES OF POMONA, LLC,

Plaintiff,

-against-

VILLAGE OF POMONA, DORIS F. ULMAN, Individually and as Attorney for the Village of Pomona, BRETT YAGEL, Individually and as Mayor of the Village of Pomona, LEON HARRIS, Individually and as Deputy Mayor of the Village of Pomona, IAN BANKS as Trustee of the Village of Pomona, ALMA SANDERS ROMAN, as Trustee of the Village of Pomona, NICHOLAS WILSON, as Trustee of the Village of Pomona, LOUIS ZUMMO, as Building Inspector of the Village of Pomona, and P. JOSEPH CORLESS,

Defendants.
----------------------------------------x

NOTICE OF MOTION FOR SUMMARY JUDGMENT

Index No. 031216/2017

PLEASE TAKE NOTICE that upon the annexed affidavit of DORIS F. ULMAN, one of the Defendants herein and attorney for all Defendants, sworn to on the 23rd day of August, 2017, the affidavit of BRETT YAGEL, Mayor of the Village of Pomona, one of the Defendants herein, sworn to on the 23rd day of August, 2017, the affidavit of LOUIS ZUMMO, Building Inspector of the Village of Pomona, one of the Defendants herein, sworn to on the 23rd day of August, 2017, the summons, complaint, answer, counterclaim and reply, heretofore served herein, a motion pursuant to CPLR 3212 will be made at a term of this Court held at the Courthouse thereof, located at One South Main Street, New City, New York 10956 on the 29th day of September, 2017 at 9:30 o'clock in the forenoon of that day or as soon thereafter as

Counsel can be heard, 1) for an Order declaring that Tal Properties of Pomona, LLC is the owner of the roads known as Overlook Road from the intersection of South Ridge Road to its intersection with North Ridge Road; High Mountain Road f/k/a Elizabeth Lane; and East Court, all of which are located within the Village of Pomona and that Tal be Ordered to maintain and repair the roads, 2) that Defendants' Motion for Summary Judgment be granted and the Summons and Complaint dismissed in their entirety, 3) that Defendants' Counterclaim be granted, directing that Plaintiff shall reimburse the Village of Pomona for the cost of snow plowing the subject roads for the winters of 2015 and 2016, and 4) for such other and further relief as the Court may deem just and proper, together with the costs and disbursements of this action.

The above entitled action is for Declaratory Judgment and Mandamus.

Pursuant to CPLR 2214(b), answering affidavits, if any, are required to be served upon the undersigned at least seven (7) days before the return date of this motion.

Dated: Pomona, New York
August 23, 2017

DORIS F. ULMAN
Village Attorney
Village of Pomona
Attorney for all Defendants
134 Camp Hill Road
Pomona, New York 10970
(845) 354-6436

TO:
Savad Churgin, LLP
55 Old Turnpike Road Suite 209
Nanuet, New York 10954

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-----------------------------------------x
TAL PROPERTIES OF POMONA, LLC,

Plaintiff,

-against-

JUDGMENT
VILLAGE OF POMONA, DORIS F. ULMAN, Individually and as Attorney for the Village of Pomona, BRETT YAGEL, Individually and as Mayor of the Village of Pomona, LEON HARRIS, Individually and as Deputy Mayor of the Village of Pomona, IAN BANKS, as Trustee of the Village of Pomona, ALMA SANDERS ROMAN, as Trustee of the Village of Pomona, NICHOLAS WILSON, as Trustee of the Village of Pomona, LOUIS ZUMMO, as Building Inspector of the Village of Pomona, and P. JOSEPH CORLESS,

Defendants.
-----------------------------------------x

AFFIDAVIT IN SUPPORT OF MOTION FOR SUMMARY

Index No. 031216/2017

STATE OF NEW YORK )
)SS:
COUNTY OF ROCKLAND)

DORIS F. ULMAN, being duly sworn, deposes and says:

1. I am the Village Attorney for the Village of Pomona, one of the Defendants herein and

attorney for all of the Defendants herein. As such, I am fully familiar with all of the facts and circumstances of this action. I make this affirmation in support of the Motion for Summary Judgment made on behalf of all of the Defendants herein.

2. The Summons and Complaint allege three causes of action, i.e., 1) requesting a

declaration that the subject roads or portions of roads are owned by the Village of Pomona, with the attendant maintainance obligations, 2) requiring the Village to complete the roads, and 3) requiring the Village to issue building permits to certain lots on these roads. These causes of action must be dismissed because Plaintiff, not the Village, owns the roads at issue and has the obligation for completing and maintaining the roads, and building permits cannot be issued until applications therefor have been received by the Building Inspector and determined to meet all legal requirements.

FACTS

3. On or about March 26, 1968 the Town of Haverstraw Planning Board granted final subdivision approval to Highgate Estates Subdivision consisting of 265 lots and several proposed roads, including Overlook Road, High Mountain Road and East Court, the roads that are the subject of this action. On April 17, 1968 the approval was amended to permit the developer to sectionalize the subdivision into seven (7) sections. The subdivision was filed in the office of the Rockland County Clerk on May 28, 1968.

4. Although the Highgate Estates Subdivision was situated within the Village of Pomona, the Town of Haverstraw still had jurisdiction pursuant to statute because the Village had been established in 1967 and had not yet taken over land use responsibilities.

5. Upon information and belief, sometime in the year 2000 Highgate Development Corp. purchased a portion of the Highgate Estates Subdivision, including ninety (90) vacant lots and several roads, including a portion of Overlook Road, High Mountain Road and East Court, the

roads that are the subject of this action.

6. As is the case with many subdivisions, the roads within the subdivision were only partially constructed. The final road wearing course was not to be installed until the subdivision was fully constructed and the roads were ready to be dedicated to the Village of Pomona.

7. As required by Section 7-730(9)(c) of the Village Law of the State of New York and Section 118-13 of the Pomona Village Code a Letter of Credit was posted with the Village by the developer to guarantee completion of the roads. A copy of Section 118-13 of the Pomona Village Code is annexed hereto as Exhibit A. Upon information and belief, Highgate Development Corp. first posted the Letter of Credit in 2002 and, upon expiration of the Letter in

each year thereafter until 2007, renewed and redeposited the Letter of Credit with the Village. Since Highgate Development Corp. was the owner of the roads, it was responsible for paving, repairing, snow plowing and maintaining the roads. A copy of the Developers Agreement, dated June 10, 2002 between Highgate Development Corp. and the Village of Pomona, setting forth the responsibilities of the owner of the roads is annexed hereto as Exhibit B.

8. Upon information and belief, in September, 2006, twelve of the lots were transferred from Highgate Development Corp. to Lynn Homes Inc. d/b/a JWL Construction Corp. Upon information and belief, the balance of the 90 lots had been either developed and sold or sold as vacant land.

9. In January, 2007, without notice to the Village of Pomona, the Letter of Credit expired

and was not renewed. The Village of Pomona commenced legal action against Highgate

-3-

Development Corp., Lynn Homes Inc. and JWL Construction Corp. Shortly thereafter, Lynn Homes Inc. and JWL Construction Corp. filed for bankruptcy, which was later granted. Upon information and belief, Highgate Development Corp. had no assets other than ownership of the subject roads.

10. Upon information and belief, sometime in 2007 or 2008, Trustco Bank commenced a foreclosure action against Highgate Development Corp. and Lynn Homes Inc.

11. On or about March 27, 2015, a foreclosure sale was held relating to the aforesaid twelve lots and roads. Upon information and belief, Trustco Bank purchased the lots and roads at such sale.

12. On or about December 2, 2015, plaintiff Tal Properties of Pomona purchased the aforesaid twelve lots and roads from Trustco Bank. The deed was filed in the office of the Rockland County Clerk on December 3, 2015. A copy of the deed is annexed hereto as Exhibit C.

PLAINTIFF IS THE OWNER OF THE ROADS KNOWN AS HIGH MOUNTAIN ROAD, EAST COURT AND OVERLOOK ROAD FROM SOUTH RIDGE ROAD TO NORTH RIDGE ROAD

13. The deed from Trustco Bank to Plaintiff on December 2, 2015, conveyed title to twelve lots and three roads in the Highgate Subdivison. The legal description of property conveyed is set forth in Schedule A of said deed and includes, inter alia, "TOGETHER with

the land lying in beds of the following streets: Overlook Road from its intersection with South Ridge Road to its intersection with North Ridge Road; High Mountain Road f/k/a Elizabeth

Lane; and East Court;..."

14. Sometime in April 2016 deponent had a conversation with Mr. Avrohom Manes, the principal of Tal Properties of Pomona, LLC. During the conversation Mr. Manes was asked to take responsibility for the private roads that Tal owned. Mr. Manes stated that Tal did not own the roads and denied that the deed from Trustco Bank conveyed the roads to Tal Properties. Mr. Manes' statement was incorrect.

15. As the successor owner of the roads in the Highgate Estates Subdivison, Plaintiff has the obligation to post the required security to guarantee completion of improvements, maintain, snow plow and, ultimately, pave the subject roads prior to requesting dedication to the Village.

16. Plaintiff has refused to accept this obligation and has not snow plowed the roads during the winters of 2015 and 2016, thereby creating a potential emergency condition. In order to protect the health and safety of persons residing on the subject streets, the Village declared an emergency and paid for snow plowing of the streets. The Village of Pomona should

be reimbursed for the cost thereof.

17. The owner of a subdivision that has received approval by a Village Planning Board is responsible for completion of public improvements or for the posting of a bond or letter of credit to guarantee completion of all improvements prior to the filing of the subdivision with the County Clerk. Village Law Section 7-730(9), Pomona Village Code

Section 118-13. This responsibility continues until the subdivision is completely constructed and the roads dedicated to the municipality in which it is located.



18. In the case at bar, Highgate Development Corp., the owner of the subdivision (including the roads) had the responsibility to complete all improvements to the roads, repair and maintain them. Plaintiff, as successor owner of the roads, assumed that responsibility when it purchased the lots and roads that had previously been owned by Highgate.

THE VILLAGE OF POMONA DOES NOT OWN THE SUBJECT ROADS AND IS NOT RESPONSIBLE FOR PAVING AND MAINTENANCE

19. As stated in the affidavit of Brett Yagel, Mayor of the Village of Pomona, in support of this Motion for Summary Judgment, the Village of Pomona has never accepted dedication of the roads that are the subject of this action. Nor has the Village taken control of the roads nor maintained the roads. A Village is not responsible for maintenance of a road unless the road is public and owned by the Village. A road can only become public by acceptance of dedication and a deed of conveyance or by prescription. Village Law Sections 6-610 and 6-626.

20. The New York State Constitution prohibits a Village from maintaining private property, including private roads, in that it is considered an unconstitutional gift of public funds. New York State Constitution, Article VIII Section 1, Op. Atty.Gen. 99-17, 92-30.

21. Village Law Section 7-732(4) provides that all streets shown on a filed subdivision plat are automatically offered for dedication unless the owner of the streets makes a notation on

the plat that the roads are not to be offered for dedication. No such notation was made on the Highgate Estates Subdivision plat. Those streets remain private until their dedication and

-6-

conveyance have been formally accepted by resolution of the Village Board. Village Law Section 6-610. In the instant case, as stated in Mayor Yagel's affidavit, the subject roads have not been accepted by resolution of the Village Board.

22. Village Law Section 6-610 sets forth the procedure by which a private street may be dedicated to a Village. "An owner of land in a village who has laid out a street thereon may dedicate such street, or any part thereof, or an easement therein, to the village for a public street, ....". As set forth in Paragraph 21 above, all streets shown on a filed subdivision plat are automatically offered for dedication. In the case at bar, the subject streets, being shown on a filed subdivision plat, are automatically offered for dedication.

23. In order for dedication to a Village to occur, the offer of dedication must be accepted by resolution of the Board of Trustees and a conveyance of the land to be dedicated delivered to the Village Clerk. The Board of Trustees must then accept the conveyance. Village Law Section 6-610. If this procedure is not followed, a dedication cannot take place and the street does not become a village street. As stated in the affidavit of Mayor Yagel in support of this Motion, the Board of Trustees of the Village of Pomona has never adopted a resolution accepting dedication of the roads that are the subject of this action nor has it accepted a deed of conveyance.

24. Dedication cannot take place until there is clear and unequivocal proof that the municipality intended to accept dedication. The burden of proof lies on the party asserting that the dedication has occurred. Winston v. Village of Scarsdale, 170 A.D.2d 672,

-7-

567 N.Y.S.2d 269 (2nd Dept. 1992), lv denied 78 N.Y.2d 855, 573 N.Y.S.2d 644, Ciaccia v. Moore, 184 A.D.2d 1075, 584 N.Y.S.2d 372 (4th Dept. 1992).

25. The only other way a private street can become public is by prescription. Village Law Section 6-626. In such case the party claiming that the street is public must provide proof that the street has been continuously used by the public for at least ten years and that the Village has exercised control over the street for that period of time.

26. In order to protect the health and safety of Village residents, to enable emergency vehicles to access the roads and to permit residents on the roads to have ingress and egress, the Mayor has declared an emergency for the past several winters and has ordered snow removal of the roads. No other action has been taken by the Village with respect to the roads. Except for snow removal, the Village has not fixed potholes, paved or maintained said roads.

27. "We hold that a private road cannot become a public street pursuant to Village Law . 6-626 if the street is not maintained and repaired by the Village." Marchand v. New York State Department of Environmental Conservation, 19 N.Y.3d 616, 950 N.Y.S.2d 496 (2012), "The road must not only be traveled upon, but it must be kept in repair and taken in charge or adopted by the public authorities." Marchand, p. 497. The Court of Appeals held that it is not sufficient that the Village snow plows and sands the roads in the winter and provides garbage collection.

In Marchand, supra, the Village did not maintain and repair the road. Therefore, the Court held that the road remained a private road.

28. As stated in the affidavit of Mayor Yagel in support of this Motion, the Village of

Pomona does not repair and maintain the roads that are the subject of this action. Also as stated in the affidavit, all new owners of property fronting on the subject roads are requested to sign waivers acknowledging that they are aware that the roads are privately owned and that the Village has no responsibility or liability for maintaining or repairing the roads. Although the Village of Pomona does provide snow plowing and sanding in the winter as an emergency measure for the health and safety of the persons residing on those roads, the Court of Appeals has held that this is not sufficient to convert a private road to a public road. Thus, the roads that are the subject of this action remain private. They are the property and responsibility of the owner, Tal Properties of Pomona, LLC.

PLAINTIFF DOES NOT MEET THE REQUIREMENTS FOR MANDAMUS

29. Plaintiff cannot bring a Declaratory Judgment action in order to avoid the requirements of CPLR Article 78. It cannot extend the Statute of Limitations. It cannot avoid the requirement of exhaustion of administrative remedies. It cannot avoid the requirement of a decision to review or the requirement that the act be ministerial. All of these requirements apply whether the action is brought as a Declaratory Judgment action or an Article 78 Proceeding. Mandamus to compel does not lie because there is no ministerial act to compel. Mandamus to review does not lie because there is no decision to review.

30. Only ministerial acts that require no exercise of judgment or discretion are subject to mandamus to compel. Mandamus cannot be used to compel an officer or board to reach a

particular outcome with respect to a decision that is based on discretion or judgment. "Mandamus, of course, is an extraordinary remedy that, by definition, is available only in limited circumstances." Klosterman et al. v. Cuomo et al., 61 N.Y.2d 525, 475 N.Y.S.2d 247, 253 (1984). Discretionary acts are those that require judgment and could produce different results whereas a ministerial act requires direct adherence to a rule or standard with a compulsory result. New York Civil Liberties Union et al. v. State of New York et al., 4 N.Y.3d 175, 791 N.Y.S.2d 507 (2005). Mandamus can compel an administrative officer to perform a duty, it cannot compel him to perform that duty in a certain way. Klosterman, p.255.

31. In the case at bar, the act of determining whether to accept dedication of a road as a public road requires the exercise of judgment and discretion. The Board of Trustees must decide whether the acceptance of the roads is in the public interest, i.e., whether acceptance will serve the Village as a whole or only a few who want to obtain building permits. It is not a ministerial act and cannot be required by a mandamus to compel. Since the subject roads are privately owned and not owned by the Village of Pomona, an action in mandamus cannot lie to compel the Village to complete the roads or to maintain them. In fact, as stated in Paragraph 20 above, spending Village funds on privately-owned roads is a violation of the New York State Constitution.

32. Similarly, the issuance of building permits is a discretionary, not a ministerial act.

When an application for building permit is received by a Building Inspector, he/she must determine if the application contains the information required by law and if the plans comply

with the Village Zoning Law and the New York State Fire Prevention and Building Code. This requires knowledge and judgment. It is not a ministerial act. In addition, as stated in the affidavit of Louis Zummo, Building Inspector for the Village of Pomona and one of the Defendants herein, submitted in support of this Motion, Plaintiff has never filed an application with the Building Inspector for a building permit for any of the enumerated lots. Therefore, no decision to approve or deny a building permit exists or is possible.

PLAINTIFF HAS NOT EXHAUSTED
ADMINISTRATIVE REMEDIES

33. "A litigant is required to address his or her 'complaints initially to administrative tribunals, rather than to the courts, and to exhaust all possibilities of obtaining relief through administrative channels before appealing to the courts'". Kaufman v. Incorporated Village of Kings Point et al., 52 A.D.3d 604, 860 N.Y.S.2d 573, 575 (2nd Dept. 2008). This rule is predicated on the fact that an administrative agency should have an opportunity to consider a matter, make its ruling and state the reasons for its action. Aldrich et al. v. Pattison et al., 107 A.D.2d 258, 486 N.Y.S.2d 23 (2nd Dept. 1985).

34. Section 130-22(C) and (E) of the Code of the Village of Pomona require that a building permit be issued prior to construction of any building or structure. Subdivision F of such Section sets forth the information that must be included with the application. A copy of Section 130-22 (C), (E) and (F) are annexed hereto as Exhibit D.

35. Since Plaintiff has not applied for a building permit for any of the lots enumerated in the Complaint (other than for Lot G13 for which a building permit and certificate of

occupancy have previously been issued) it has not exhausted administrative remedies before bringing the instant action and the Third Cause of Action must be dismissed.

CONCLUSION

36. It is respectfully submitted that Plaintiff's First Cause of Action must be dismissed because, as a matter of law, Plaintiff has taken title to the subject roads by deed, making Plaintiff the owner of the roads, and the Village of Pomona has never accepted dedication of said roads; that Plaintiff's Second Cause of Action must be dismissed because, as a matter of law, the subject roads are private roads for which the Village of Pomona is not responsible; that Plaintiff's Third Cause of Action must be dismissed because, as a matter of law, mandamus cannot lie to require the Building Inspector to issue building permits for the stated lots because a decision to issue building permits is not a ministerial act and Plaintiff has never applied to the Building Inspector for such permits nor has Plaintiff been denied building permits.

37. That no application has been made to this or to any other Court for the relief requested herein.

WHEREFORE, it is respectfully requested 1) that an Order be entered declaring that Tal Properties of Pomona LLC is the owner of the roads known as Overlook Road from the intersection with South Ridge Road to the intersection with North Ridge Road, High Mountain

Road f/k/a Elizabeth Lane and East Court and that Tal be ordered to maintain and repair the roads; 2) that Defendants' Motion for Summary Judgment be granted and the Summons and Complaint be dismissed in their entirety, 3) that Defendants' counterclaim be granted,

directing that Plaintiff shall reimburse the Village of Pomona for the cost of snow plowing the subject roads for the winters of 2015 and 2016, and 4) for such other and further relief as the Court may deem just and proper, together with the costs and disbursements of this action.

Sworn to before me this

23rd day of August, 2017

DORIS F. ULMAN
Village Attorney, Village of Pomona
Attorney for all Defendants
134 Camp Hill Road
Pomona, New York 10970
(845) 354-6436

TO:

Savad Churgin LLP
55 Old Turnpike Road
Suite 209
Nanuet, New York 10954

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
----------------------------------------x
TAL PROPERTIES OF POMONA, LLC,

Plaintiff,

-against-

VILLAGE OF POMONA, DORIS F. ULMAN, Individually and as Attorney for the Village of Pomona, BRETT YAGEL, Individually and as Mayor of the Village of Pomona, LEON HARRIS, Individually and as Deputy Mayor of the Village of Pomona, IAN BANKS, as Trustee of the Village of Pomona, ALMA SANDERS ROMAN, as Trustee of the Village of Pomona, NICHOLAS WILSON, as Trustee of the Village of Pomona, LOUIS ZUMMO, as Building Inspector of the Village of Pomona, and P. JOSEPH CORLESS,

Defendants.
----------------------------------------x

AFFIDAVIT OF LOUIS ZUMMO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Index No. 031216/2017

STATE OF NEW YORK )
)SS:
COUNTY OF ROCKLAND)

LOUIS ZUMMO, being duly sworn, deposes and says:

1. I am one of the Defendants herein and am the duly appointed Building Inspector of the

Village of Pomona. I have held that position since November, 2013 and during all of the

relevant time periods herein.

2. In its Third Cause of Action Plaintiff alleges that building permits should be issued for

lots 5, 9 and 13 in Block G and for lots ll, l2, l9 and 20 in Block H.

3. First, it should be noted that on December 9, 2016 I issued a certificate of occupancy

for lot G-13, also known as 22 High Mountain Road, in the Village of Pomona. A copy of the certificate of occupancy is annexed hereto as Exhibit E. A building permit for this lot was issued, a house constructed, and a certificate of occupancy issued. Thus, Plaintiff's request that a building permit be issued for this lot is moot.

4. Plaintiff's request for building permits for lots 5 and 9 in Block G and for lots 11, 12, 19 and 20 in Block H is premature because I have never received applications for building permits for any of these lots. In addition, I have researched the Village files for these lots and have determined that applications for building permits for these lots have never been filed with the Village of Pomona.

5. Section 130-22 (C, E and F) of the Code of the Village of Pomona (Exhibit D) require that a building permit application must be filed with the Building Department prior to the issuance of a building permit. As stated above, Plaintiff has not filed such building permit application.

6. Prior to issuance of a building permit it is my obligation to determine whether an application for a permit, together with the plans on which the application is based, is in compliance with the New York State Fire Prevention and Building Code and with the Zoning

Law of the Village of Pomona. If an application is in compliance with these laws a permit is issued. If it is not, the application is denied in writing setting forth the reasons for denial. In the event of a denial, the applicant has the administrative remedy of an appeal to the Zoning Board of Appeals.

-2-

7. Plaintiff's Third Cause of Action, asking the Court to require the issuance of building permits for certain lots, would be impossible to perform because I have not seen an application or plans for these lots nor have I had an opportunity to fulfill my obligation to review them.

WHEREFORE, it is respectfully requested that the complaint herein be dismissed and that judgment be entered in favor of Defendants and against Plaintiff and for such other and further relief as the Court may deem just and proper.

Sworn to before me this

23rd day of August, 2017.

LOUIS ZUMMO, Building Inspector

-3-

MEMORANDUM

TO: Lou

FROM Doris

SUBJECT: Your draft affidavit for Tal Properties v Village of Pomona et al

DATE: June 12, 2017

Enclosed is draft affidavit for your review. Please add the month and year that you became Building Inspector for Pomona and the section of the State Building Code that requires building permit applications. Also please check the files for the stated lots to make sure the affidavit is correct and make any corrections that are necessary. I have enclosed the tax lot numbers for the stated lots.

Please FAX the affidavit to me with your additions and corrections. I will prepare a hard copy for your signature and get it to you on Wednesday.

Thanks.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

-----------------------------------------x

TAL PROPERTIES OF POMONA, LLC,

Plaintiff,

-against-

VILLAGE OF POMONA, DORIS F. ULMAN, Individually and as Attorney for the Village of Pomona, BRETT YAGEL, individually and as Mayor of the Village of Pomona, LEON HARRIS, Individually and as Deputy Mayor of the Village of Pomona, IAN BANKS, as Trustee of the Village of Pomona, ALMA SANDERS ROMAN, as Trustee of the Village of Pomona, NICHOLAS WILSON, as Trustee of the Village of Pomona, LOUIS ZUMMO, as Building Inspector of the Village of Pomona, and P. JOSEPH CORLESS,

Defendants.

-----------------------------------------x

AFFIDAVIT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Index No. 031216/2017

STATE OF NEW YORK )
)SS:
COUNTY OF ROCKLAND)

BRETT YAGEL, being duly sworn, deposes and says:

1. I am the duly elected Mayor of the Village of Pomona and have held that office

since April, 2011. From April 2007 to April 2011 I was an elected member of the Board of Trustees of the Village of Pomona. I am also one of the Defendants in this action.

2. I make this affidavit in support of Defendants' Motion for Summary Judgment.

3. During my tenure as a member of the Board of Trustees from 2007 to the present time the Board of Trustees has not adopted a resolution accepting dedication of the roads

that are the subject of this litigation. Upon information and belief, no Board of Trustees adopted a resolution accepting dedication of the roads prior to 2007.

4. Upon information and belief, there are approximately 60 families residing on the various undedicated roads in the Highgate Estates Subdivision. Starting in 2007 the then-owner of the subject roads, Highgate Development Corp., discontinued snow removal on the roads. Starting in 2011, as Mayor, I was concerned that in a heavy snowfall the residents living on the subject roads would not have ingress and egress to their homes and that emergency services would not be able to access these homes if necessary. I therefore declared an emergency and authorized the Village to provide snow removal for these roads. I have continued this procedure and the Village has provided snow removal every winter through 2016. If Plaintiff does not snow plow the roads that it owns in the coming winter, it will be necessary for the Village to provide snow removal in 2017. This practice was started in the winter of 2007 by my predecessor, Mayor Nicholas Sanderson. Since Highgate Development Corp. had no assets and its successors filed for bankruptcy, the Village has not been reimbursed for the cost of snow removal through 2014. As stated above, Plaintiff has not reimbursed the Village for the cost of

snow removal for the winters of 2015 and 2016, from the time Plaintiff owned the roads.

5. Although the Village has provided snow removal for the subject roads, we do not fix potholes, clean and maintain catch basins nor repair and maintain the roads. We have not taken charge of the roads nor do we provide any services for the roads. When someone purchases a house on one of these roads they are asked to sign a waiver acknowledging that

-2-

the roads are privately owned and that the Village has no responsibility for paving or maintaining the roads.

WHEREFORE, it is respectfully requested 1) that an Order be entered declaring that the Plaintiff is the owner of the subject roads, and that Plaintiff be ordered to maintain and repair the roads, 2) that Defendants' Motion for Summary Judgment be granted and the Summons and Complaint dismissed in their entirety, 3) that Defendants' Counterclaim be granted, directing that Plaintiff shall reimburse the Village of Pomona for the cost of snow plowing the subject roads for the years 2015 and 2016, and 4) for such other and further relief as the Court may deem just and proper, together with the costs and disbursements of this action.

Sworn to before me this

23rd day of August, 2017.

BRETT YAGEL

-3-

STATE OF NEW YORK )
)SS:
COUNTY OF ROCKLAND)

DORIS F. ULMAN, attorney at law of the State of New York, affirms under penalty of perjury:

That on the 28th day of August, 2017 I served the within Notice of Motion, Motion for Summary Judgment and Request for Judicial Intervention on the Plaintiff in this action by mailing a true and correct copy of said documents together with a copy of the Summons, Complaint, Answer and Counterclaim to Savad Churgin, LLP, attorney for Plaintiff, at 55 Old Turnpike Road, Suite 209, Nanuet, New York l0954.

Sworn to before me this

28th day of August, 2017.

Notary Public