WILSON, ELSER, MOSKOWITZ
EDELMAN & DICKER LLP
*Attorneys for Defendants*
1133 Westchester Avenue
White Plains, NY  10604
(914) 323-7000
Attn:  Janine A. Mastellone, Esq.
      John M. Flannery, Esq.
      John B. Martin, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- X

SAMUEL INDIG, LEAH INDIG, MEIR KAHANA, and ROBERT KLEIN, and NAFTALI KLEIN,

                      Plaintiffs,

-against-

THE VILLAGE OF POMONA, BRETT YAGEL, LOUIS ZUMMO, LEON HARRIS and DORIS ULMAN,

                      Defendants.

--------------------------------------------------------------------- X

Case No: 18-cv-10204

**REPLY DECLARATION OF JANINE A. MASTELLONE IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

JANINE A. MASTELLONE hereby declares pursuant to the penalty of perjury and 28 U.S.C. §1746 as follows:

    1.    I am a partner with the law firm Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorneys for defendants the Village of Pomona, Brett Yagel ("Mayor Yagel"), Louis Zummo ("Mr. Zummo"), Leon Harris ("Mr. Harris") and Doris Ulman ("Ms. Ulman") (collectively, "defendants" or "the Village"), in the above-captioned action.

    2.    I submit this reply declaration in further support of defendants' motion to dismiss the amended complaint (D.E. #62) filed by plaintiffs Samuel Indig ("Mr. Indig"), Leah Indig

("Mrs. Indig") Meir Kahana (Mr. Kahana"), Robert Klein ("Mr. Klein") and Naftali Klein ("Naftali") (collectively, "plaintiffs").

3. In opposition to defendants' motion, plaintiffs assert for the first time that plaintiffs have not submitted adequate documentation of the convictions of Mr. Kahana and Naftali Klein arising from the incidents underlying plaintiffs' claims in the instant litigation. In response, plaintiffs submit the annexed records of those convictions, which are public records subject to judicial notice, are integral to the amended complaint insofar as they memorialize the Village Code enforcement actions set forth in the complaint, and hence are properly considered on this motion to dismiss. *See Sheri Torah, Inc. v. Vill. of S. Blooming Grove*, 2013 U.S. Dist. LEXIS 49797, *4-5 n.1 (S.D.N.Y. Mar. 28, 2013); *Lang v. Town of Tusten*, 2015 U.S. Dist. LEXIS 126856, *7 (S.D.N.Y. Aug. 6, 2015).

4. Annexed hereto as **Exhibit L** is a copy of the certificate of conviction of Mr. Kahana in *People v. Kahana*, under case number 17080238 in Haverstraw Town Court. The certificate reflects that, on January 9, 2018, Mr. Kahana was convicted of having an unfenced pool on his property and sentenced to pay a $200.00 fine. The certificate of conviction further reflects that the case was "disposed" on the same date, presumably because, as recounted in the undersigned's declaration dated May 22, 2019, and on information and belief, Mr. Kahana pleaded guilty and hence reached a "disposition" of the case.

5. Annexed hereto as **Exhibit M** are copies of the certificates of conviction of Naftali Klein in *People v. Klein*, under case number 18010040 in Haverstraw Town Court. The certificates reflect that, on April 29, 2019, Naftali Klein was convicted of failing to comply with a stop work order and sentenced to pay a fine of $750.00, and was also convicted of performing work without

a permit or CO and sentenced to pay a $3,000.00 fine. As noted in the undersigned's declaration dated May 22, 2019, and in Exhibit F to that declaration, Naftali Klein was convicted after trial.

WHEREFORE, for the reasons set forth in the accompanying reply memorandum of law, defendants' initial moving papers and other supporting documents, the motion to dismiss plaintiffs' first amended complaint, with prejudice, should be granted in its entirety.

I declare that the foregoing is true and correct. Executed this 3rd day of July 2019.

_____
Janine A. Mastellone