UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMUEL INDIG, LEAH INDIG, MEIR KAHANA, ROBERT KLEIN, and NAFTALI
KLEIN,

*Plaintiffs,*

*-against-*

THE VILLAGE OF POMONA, BRETT YAGEL, LOUIS ZUMMO, LEON HARRIS, and
DORIS ULMAN

*Defendants.*

Index No.: 18-CV-10204 (VB)

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO WITHDRAW AS COUNSEL

SCHLAM STONE & DOLAN LLP
Bradley J. Nash, Esq.
Samuel L. Butt, Esq.
26 Broadway
New York, New York 10004
Telephone:  (212) 344-5400
Facsimile: (212) 344-7677
Email: bnash@schlamstone.com
Email: sbutt@schlamstone.com

*Attorneys for Plaintiff*

Schlam Stone & Dolan LLP ("SSD") and SSD attorneys Bradley J. Nash and Samuel L. Butt, submit this Memorandum of Law and the accompanying Declaration of Bradley J. Nash ("Nash Decl."), in support of their motion, brought on by order to show cause, for an order permitting SSD and Messrs. Nash and Butt to withdraw as counsel to Plaintiffs in this matter, pursuant to Local Rule 1.4.

## RELEVANT BACKGROUND

SSD is owed substantial legal fees for this matter, and a representation of Plaintiffs TAL Properties of Pomona, LLC and its principal Avrohom Manes in related matters before this Court for which SSD is also seeking leave to withdraw as counsel.[1]  Despite repeated requests over the past month, these fees have not been paid.  Nash Decl. ¶ 2.

Further, without waiving the attorney-client privilege, irreconcilable differences have arisen that have affected the attorney-client relationship to the point where withdrawal is necessary.  The breakdown of the relationship is evidenced by an unsigned letter that was evidently faxed to the court yesterday by or on behalf of Plaintiffs.  SSD was completely unaware of this letter, or that anyone intended to submit it, until the letter was docketed by the Court at 5:40 p.m. yesterday (Dkt. No. 96).  However, Mr. Nash had previously advised the Plaintiffs that, under the circumstances, SSD would be filing a motion to withdraw as counsel, and intended to do so this week.  Nash Decl. ¶ 3.

---

[1] SSD initially represented the Plaintiffs TAL Properties and Avrohom Manes in connection with a motion to vacate the dismissal of an earlier action before Judge Seibel, *TAL Properties v. Village of Pomona*, 7:17-cv-2928-CS.  On July 22, 2019, Judge Seibel issued a decision denying the motion to vacate, but inviting the Plaintiffs to file the proposed amended complaint they had submitted in support of the motion as a new action.  In light of that decision, and because the complaint had already been drafted and submitted to the Court as a proposed filing, SSD immediately filed the complaint as a new action, *TAL Properties v. Village of Pomona*, 7:19-cv-06838-VB, along with a notice of appeal from the order denying the motion to vacate, in order to preserve the clients' rights.

## ARGUMENT

### I.   SSD AND MESSRS. NASH AND BUTT SHOULD BE GRANTED LEAVE TO WITHDRAW

As set forth in the Nash Decl., at ¶ 2, SSD is owed a substantial amount for its representation in this matter and such fees have not been paid, despite due demand.  This alone is grounds for withdrawal.  "[I]t is firmly established that non-payment of legal fees is a valid basis for granting a motion to withdraw pursuant to Local Rule 1.4."  *Thekkek v. LaserSculpt, Inc.*, 2012 WL 225924, at *2 (S.D.N.Y. Jan. 23, 2012), *citing Blue Angel Films, Ltd. v. First Look Studios, Inc.,* 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011).

Moreover, it is well-settled that the continuance of a dysfunctional attorney-client relationship should not be judicially imposed, at least in the absence of considerations not present here.  *See, e.g., Farmer v. Hyde Your Eyes Optical, Inc*., 2014 WL 6386731, at *4 (S.D.N.Y. Nov. 13, 2014) (collecting cases); *see also Munoz v. City of New York,* 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008) (granting withdrawal "based on the lack of communication with the plaintiff and the acrimonious relationship that has developed between the law firm and the plaintiff.")  Here, as set forth in the Nash Decl., at ¶ 3, irreconcilable differences have arisen such that withdrawal is necessary.

Additionally, no party will be prejudiced by the SSD's withdrawal. Plaintiffs have made it clear that they wish to be represented by another attorney.  Moreover, under the current schedule, the deadline for completion of all discovery is October 30, 2019, and the deadline for competition of fact discovery is August 29, 2019.  (Dkt. No. 70).  Plaintiffs have complied with their discovery obligations to date, having made a document production on July 8, 2019.  To date, Defendants have raised no issues concerning that production.  Defendants' motion to dismiss has been fully briefed and submitted to the Court.  Nash Decl. ¶ 4.

2

## II.   THE COURT SHOULD TEMPORARILY STAY THE ACTION TO ALLOW PLAINTIFFS TO RETAIN NEW COUNSEL

Finally, this motion also requests an interim stay pending the hearing and decision of this motion and that after withdrawal the case be stayed for a reasonable period of time to allow Plaintiffs to obtain new counsel and avoid any prejudice to them.[2]  Such temporary stays are routinely granted upon withdrawal of counsel.  *Life Dome Cinema Ministry v. Church Loans & Inv. Tr.*, 499 F. Supp. 2d 399, 400 (S.D.N.Y. 2007) (noting court had granted stay of a little over a month to permit party to obtain new counsel and for counsel to get up to speed); *Cantineri v. Carrere*, 106 A.D.3d 1475, 1476 (4th Dep't 2013) ("We therefore grant appellant's motion to withdraw as counsel and we stay the proceedings for 90 days to provide plaintiff with ample opportunity to retain new counsel.").

## CONCLUSION

For the foregoing reasons, SSD respectfully requests that this Court grant SSD's and Messrs. Nash's and Butt's motion to withdraw from representing the Plaintiffs in this action.

Dated:  New York, New York
       July 26, 2019

                              **SCHLAM STONE & DOLAN LLP**

                    By:       /s/ Bradley J. Nash
                          Bradley J. Nash
                          Samuel L. Butt
                          26 Broadway
                          New York, NY 10004
                          Telephone:  (212) 344-5400
                          Facsimile:  (212) 344-7677
                          E-mail:  bnash@schlamstone.com
                          E-mail:  sbutt@schlamstone.com

                          *Attorneys for Plaintiffs*

---

[2] By email this morning, Plaintiff Robert Klein asked SSD to convey a request for a 45-day stay of proceedings.

3