ALBERT A. LEVY, ESQ.
94 Roselle Court
Lakewood, NJ 08701
917-589-3737

**VIA ECF**  May 1, 2020

The Honorable Judge Phillip Halpern
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re: *Indig v. Village of Pomona*, Case No. 18-cv-10204 (PH); Phone Conference to Discuss Outstanding Discovery and *2nd* Pre-Letter Motion to Compel

Dear Judge Halpern:

    My firm represents Plaintiffs Samuel Indig, Leah Indig, Meir Kahana, Robert Klein and Naftali Klein in this action. In accord with Fed. R. Civ. P. 37(a)(1), Local Civil Rule 37.2 and your Honor's Individual Practices 1(F), 2(C) and 4(D), which, inter alia, require the moving party to request a conference with the Court before the filing of any such motion to compel, we respectfully request a pre-motion discovery conference with Your Honor.

    I write in advance of the scheduling conference we maintained for Monday, May 4, 2020, in our previous *pre-motion to compel* conference call held between the parties, and with the Court, less than two weeks ago, on April 21, 2020; a telephonic scheduling conference date Your Honor confirmed by court order on April 29, 2020.

    In advance of the May 4 scheduling conference, we contacted Ms. Mastellone via emails on April 20- 22, 27 and April 30, and heard back from Ms. Mastellone on April 30 that the Village of Pomona is obtaining separate counsel and seeks more time to provide the discovery that Ms.Mastellone has represented has been available (since February 2020). Plaintiffs previously

attempted to arrange a call scheduled for May 1, 9 a.m. in advance of our conference with the Court, in order to re-set discovery deadlines, ensure discovery production was (finally) provided and, if possible, spare the Court its valuable time.

After the Court conference call on April 21, 2020, what remained was for Wilson Elser to simply provide the long outstanding discovery (they represented was available since February, "just waiting" for Plaintiffs to review) within a week - 7 days - as Ms.Mastellone represented Defendants would to the Court, and be available for a meaningful call between counsel to re-order discovery deadlines.

Apparently, contrary to what Ms.Mastellone most recently represented to the Court, the delay in providing outstanding discovery was not a "good faith" logistical challenge of accessing Wilson Elser's office during COVID-19 to send the *electronic* material, but something more elemental: there was simply no intention to provide the discovery either by April 28 **or** May 1.

Less than two weeks later, Plaintiffs require the Court's intervention, again. While Ms. Mastellone was highly evasive with providing the discovery, yesterday we were informed the parties are, however, "available" for a scheduling conference that given Defendants' ongoing machinations, is futile at best, or worse, ripe for more mischief, absent Court intervention and oversight. Accordingly, Plaintiffs advised Defendants by email there was no reason to have a scheduling conference, under the circumstances.

In a consistent and extensive pattern of delay, Defendants have been long outstanding in producing **any** documents responsive to Plaintiffs' requests, since on or around March 2019, over a year ago, when the matter was then in front of Judge Briccetti. (The prior history of said delay is referenced in Plaintiffs' April 7 pre- motion letter.)  Ms. Mastellone on the April 21, 2020 call acknowledged the discovery was due, and agreed to provide it within a week [seven (7)] days,

April 28, 2020. In subsequent emails, Ms. Mastellone then represented that we agreed to 7-10 days to provide the discovery.

Yesterday, April 30, Mr. Jonathan Tand - in one brief email before he moved the Court to extend discovery - emailed me to advise his firm, Morris Duffy, is representing the Village of Pomona in substitution of Wilson Elser and requesting three (3) more weeks to provide the discovery. In reply email, I advised Mr. Tand of the history, the transparency of this most recent stratagem (in light of the consistent delays) and that I could not consent to any further delays. My clients, individuals fighting a municipality, have incurred vast expenses over the past year plus and still have not obtained **one single discovery response.**

Before my recent involvement, Defendants represented to Plaintiffs' prior counsels Mr. Nash and Mr. Rossborough that a large production would be forthcoming, informing Plaintiffs of a rolling production, between Thanksgiving and Christmas, before the end of 2019. After that time also passed, Defendants then informed Plaintiffs of a large production in mid - February 2020, before my appearance. In 2019, Mr. Nash wrote a pre-letter motion to Judge Briccetti, and held off moving as Defendants' prior counsel assured discovery would be forthcoming. Now, in May 2020, two weeks after our call with the Court, Plaintiffs find themselves in no better position than when we spoke to the Court, and in good faith, accepted Your Honor's confidentiality agreement and gave Ms.Mastellone another week to provide the discovery, based upon a representation that the material was "at the office".

Now, as we are past the *most recent* due date of outstanding discovery (April 28) we are advised by Defendants of a substitution of counsel, and a request to further extend production for an additional three (3) weeks. In light of this ongoing pattern of delay, we see this as a rather transparent attempt to find grounds to further delay production of evidence material and relevant

to Plaintiffs' equal protection and fair housing claims that Defendants presumably do not want Plaintiffs (and the Court) to see.

Plaintiffs have proceeded in good faith and (like Mr. Nash before, the undersigned) resolved its letter motion via phone conference with the Court, and accepted the Court's model order, as soon as it was published. By any estimation, Plaintiffs should have already received its discovery and a fair opportunity to review and analyze what was produced, in whole or part; before or by its scheduled call with Ms.Mastellone, enabling a meaningful re-set of our discovery schedule.

Before contacting the Court, the undersigned, in a good faith attempt to resolve this without Court intervention, conferred with Ms. Mastellone, counsel for Defendants, by emails on April 20-22, 27 and 30[1]. It appears, absent court intervention, we are still unable to obtain the outstanding discovery from 2019. Plaintiff seek no further delay of discovery material.  Defendants should not be permitted to run down the clock on the discovery schedule, while refusing to produce documents, or even confirm that appropriate steps were taken to locate and preserve relevant evidence.

Plaintiffs have heard *ad naseum* about the "voluminous" amount of discovery material (that Defendants represented they have available to produce since February), offered to help facilitate electronic delivery and yet Defendants have made no effort to provide this material or work with Plaintiffs to do so; the "key disk in the office" standing as an interim (and latest flimsy) excuse before the next delay.

In accord with Local Civil Rule 37.2 and your Honor's Individual Practices, which require the moving party to request a conference with the Court before the filing of any such motion to

---

[1] Given Your Honor's rule limiting letters to 5 pages, I have not attached the subject discovery demands to this letter, nor correspondence with Defendants, but will provide them if the Court so wishes.

compel, we respectfully request to arrange a conference with Your Honor at your earliest convenience. Given the global pandemic, we respectfully request a telephonic meeting to confer after about the above referenced issues, with the undersigned, Ms. Mastellone and Mr. Tand. Thank you.


Respectfully submitted,


Albert A. Levy, Esq,

cc: Janine A. Mastellone, Esq.

    Jonatan Tand, Esq.

    Kenneth Pitcoff, Esq.

    Eliza M. Scheibel, Esq.

    Michael Czolacz, Esq.