| | |
|---|---|
| **DANIEL G. ASHBURN, ESQ.**<br>*Admitted in Georgia and Israel* | **ASHBURN LAW OFFICE LLC**<br>ATLANTA, GEORGIA • 404-939-1323 |

December 12, 2022

**VIA ECF**
Hon. Judith C. McCarthy, U.S. Magistrate Judge
United States Courthouse
300 Quarropas Street
New York, NY 10007

    Re:    *Samuel Indig, et al. v. Village of Pomona, et al.*, No. 7:18-cv-10204 (JCM)

Dear Judge McCarthy:

    I represent the Plaintiffs in this case. As directed by the Court's December 9, 2022 Order, I am writing to respond to Defendants' December 9, 2022 "Letter Motion to Compel Plaintiffs' Counsel to Produce Witness Avrohom Manes for a Deposition" (DOC 236).

    First, Mr. Manes is <u>not a party</u> to this action and Defendants' counsel has offered no authority in support of a motion to compel a plaintiff's attorney to produce a non-party witness for deposition. The proper method for seeking to compel a non-party witness's attendance at a deposition is by service of a subpoena pursuant to Fed. R. Civ. P. 45. Defendants make no representation that they have served or even attempted to serve Mr. Manes with a deposition subpoena. Defendants' "Letter Motion to Compel Plaintiffs' Counsel to Produce Witness Avrohom Manes for a Deposition" is thus frivolous on its face.

    Second, as recorded in the Court's November 14, 2022 Minute Entry, the Court at that time extended fact discovery by only eight days to December 20, 2022 and directed the parties "to submit a joint letter by November 17, 2022 setting forth the schedule for <u>all remaining depositions</u>." (emphasis added).[1] The Court noted in the November 14, 2022 telephone conference that Plaintiffs would be prejudiced by delays caused primarily by Defendants' attorneys if a strict deposition schedule was not imposed and the brief extension was not granted. The Court also warned that the deposition schedule submitted on November 17, 2022 would be

---

[1] By way of background, the Court in an August 25, 2022 Minute Entry extended the fact discovery deadline to December 12, 2022. Prior to that Minute Entry, Defendants had deposed Plaintiffs Meir Kahana and Naftali Klein, and three plaintiffs remained to be deposed by Defendants. On October 6, 2022, Plaintiffs' counsel filed a status-letter (DOC 230) informing the Court of certain issues that had delayed progress in completing additional depositions at that time. On October 13, 2022, the Court held a telephone conference with the Parties' counsel, admonishing them to press ahead to complete fact depositions within the allotted time. However, by the time of the Court's November 14, 2022 telephone conference, the four law firms representing the various defendants in this case, citing conflicts, had refused to convene more than one day of depositions (the October 24, 2022 depositions of Plaintiffs Samuel and Leah Indig), and had refused to provide any proposed dates for Plaintiffs to conduct depositions (ostensibly because Defendants had yet to depose Plaintiff Robert Klein).

**DANIEL G. ASHBURN, ESQ.**
*Admitted in Georgia and Israel*

**ASHBURN LAW OFFICE LLC**
ATLANTA, GEORGIA • 404-939-1323

"So Ordered" and require application to the Court to change.[2] Indeed, the joint letter explicitly stated that it set forth "the schedule for <u>all remaining fact depositions</u> in this case" (DOC 234) (emphasis added), and the Court signed a memo endorsement to the letter stating, "So Ordered." (DOC 235). Defendants fail to even mention the Court's order or request that it be modified.

Third, the foot-dragging of Defendants' attorneys that led to the Court-ordered deposition schedule has nonetheless imposed an extreme and uneven burden on Plaintiffs' counsel in preparing for and prosecuting 3-4 depositions per week in order to meet the fact discovery deadline. In contrast, the burden of preparing deponents during this time has been divided among four law firms and each law firm has substituted various attorneys to attend and/or defend the various depositions. Defendants now seek to further burden Plaintiffs' counsel with preparing a new deponent on Thursday, December 15, 2022 and defending his deposition on Friday, December 16, 2022. As Plaintiffs' counsel is Sabbath-observant, this would nearly eliminate his ability to prepare to conduct the three depositions already set for December 19-20, 2022.

In the final paragraph of their letter-motion, Defendants urge the Court to compel Plaintiffs' counsel to produce Plaintiff Robert Klein's wife for deposition on Friday, December 16, 2022 (as well as Mr. Manes on that same day).[3] Mr. Klein's wife is likewise not a party to this action. On Sunday, December 11, 2022, the undersigned learned that a deposition subpoena had purportedly been served upon Mrs. Klein on Friday, December 9, 2022. Nevertheless, that subpoena should not be enforced, *inter alia*, because it was not served within a reasonable time before the date noticed for her deposition as required by Rule 45. Moreover, Defendants were aware of Mrs. Klein's existence and relationship to her husband since the case was filed in 2018 and did not include her in any prior deposition request. She is not currently represented by counsel, and we already have 3 depositions scheduled this week and 3 depositions scheduled on Monday and Tuesday, December 19-20, 2022.

The damages issue of where the Klein family lodged and related expenses during the time their home was uninhabitable due to the Defendants' wrongdoing has been known to Defendants from the time this action was filed in 2018. Defendants chose to forego deposing either Mr. Manes or Mrs. Klein as late as November 17, 2022 when the Court ordered the parties to schedule <u>all</u> remaining depositions. Their late attempt to further burden the ability of Plaintiffs' counsel to prepare for the already scheduled depositions by demanding additional depositions is unwarranted and should be denied.

Sincerely,

S/ Daniel G. Ashburn
Daniel G. Ashburn, Esq.

Cc:   Counsel of record (via ECF)

---

[2] Defendants' counsel suggested at the November 14, 2022 telephone conference that they *may* want to depose Mr. Manes as a witness, but they later <u>chose not to include him</u> in the schedule.

[3] Defendants are also well aware that Plaintiffs' counsel, as well as Mr. Manes and the Klein family, are all Sabbath-observant Orthodox Jews, and the attempt to compel two depositions of Orthodox Jewish witnesses on Friday in winter months is also unduly burdensome.